UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN VALENTI, on his own behalf and on behalf of a class of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INDIANA SECRETARY OF STATE, in her official capacity; THE INDIVIDUAL MEMBERS of the INDIANA ELECTION COMMISSION, in their official capacities; THE SUPERINTENDENT of the INDIANA STATE POLICE, in his official capacity; THE BLACKFORD COUNTY PROSECUTOR, in his official capacity, <br><br> Defendants. | No. 1:15-cv-1304-WTL-TAB |

**Memorandum in Support of Motion for Class Certification**

**I.    Introduction**

Indiana Code § 35-42-4-14 (effective July 1, 2015) ("the Statute") provides that certain sex offenders, defined by the Statute as "serious sex offenders," are prohibited from entering school property.  One of the consequences of this is that these persons are now prohibited from voting at their designated precinct polling place if it is located on school property.  Plaintiff Brian Valenti, a person subject to the Statute, alleges that it violates the United States Constitution and is requesting that it be enjoined.  He also seeks to bring this action on behalf of a class of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

The proposed class is defined as:

1

> All "serious sex offenders," as that term is defined by Indiana Code § 35-42-4-14(a), who are, or will be, eligible to vote, and currently, or will in the future, live in a voting precinct where the polling place is located on school property.

The requirements for certification of a class under the Federal Rules of Civil Procedure are clear. In order for an individual or individuals to sue on behalf of a class, four requirements must be met:

(1) The class must be so numerous that joinder of the members is impracticable;

(2) There must be questions of law or fact common to the class;

(3) The claims or defenses of the representative parties must be typical of the claims or defenses of the class; and

(4) The representative parties must fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition, a class must meet the requirements of Rule 23(b)(1), (2), or (3). In this case, the plaintiff seeks certification pursuant to Rule 23(b)(2). This portion of the Rule is met if the defendants have acted or refused to act on grounds generally applicable to the class. Fed. R. Civ. P. 23(b)(2). As indicated below, all of the requirements of Rule 23 are met in this case, there is an identifiable class, and the class should therefore be certified.

## II. The class is so numerous that joinder of all members is impracticable

The first requirement for certification of a class action is that the class must be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). This does not impose an absolute numerical requirement for class certification. Rather, courts must consider each case on its facts to determine the practicability of joining all class members. The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations. *Gen. Tel. Co. of the Nw. v. Equal Emp't Opportunity Comm'n*, 446 U.S. 318, 330 (1980). However, it has been held that "as few as 25-30 class members should raise a

presumption that joinder would be impracticable, and thus the class should be certified." *Equal Emp't Opportunity Comm'n v. Private Indus.*, 92 F.R.D. 51, 53 (D.D.C. 1981) (citing 1 Newberg, *Class Actions* § 1105(b) at 174 (1977)). A court is entitled to make a good faith estimate as to the number of class members. *Gomez v. Illinois State Bd. of Educ.*, 117 F.R.D. 394, 399 (N.D. Ill. 1987). And, a court may be guided by common sense assumptions. *Smith v. Dearborn Cnty., Ind.*, 244 F.R.D. 512, 517 (S.D. Ind. 2007).

A conservative estimate would put the number of class members in the hundreds. For the two most populous counties in Indiana, 203 of Marion County's 600 voting precincts (34%) are located on school property and 124 of Lake County's 517 voting precincts (24%) are located on school property. *See* Marion County Elections Board, *2015 Municipal Primary Polling Location List* (available at: http://www.indy.gov/eGov/county/clerk/election/pages/home.aspx) (last visited: Sep. 1, 2015); Lake County Board of Elections and Voter's Registration, *2014 General Polling Locations* (available at: https://www.lakecountyin.org/portal/media-type/html/group/voters/page/default.psml/js_pane/P-13b9cba7c46-107e7;jsessionid= EA16B8CABF5C7E8ABDB9591F44D570A8) (last visited: Sep. 1, 2015). As of August 28, 2015, there were 2,211 people on the sex and violent offender registry in Marion County and 563 registered in Lake County. *See* Aff. of Kandy Kendall ¶ 9, Aug. 28, 2015, attached as Ex. 1 to Pls. Mot. for Class Certification (ECF No. 9-1). Based on a random sampling of entries in the registry, 90% of those in Marion County and 70% of those in Lake County met the statutory definition of "serious sex offender." *See id.* ¶¶ 7-8. Approximately 70% of Indiana's population is registered to vote. *See* Indiana Election Division, Statistics and Maps (available at: http://www.in.gov/sos/elections/2393.htm) (last visited: Sep. 1, 2015). Assuming that people who meet the definition of "serious sex offender" are evenly distributed across both counties and

that they register to vote in similar rates to the general population, the estimated number of class members in Marion County would be 474 and in Lake County there would be 66. Therefore, a reasonable estimate of the number of class members in these two counties alone would be 540.[1] The number is sufficiently large that, even if class members are not evenly distributed or register to vote in different proportions to the general population, the joinder of all members will remain impracticable. Numerosity is met.[2]

### III. There are questions of law or fact common to the class

In this case the named plaintiff and the putative class are all subject to a new Indiana law, which has the effect of prohibiting them from voting in person at their polling place. The putative class is united by the common question of whether the law unjustifiably burdens plaintiffs' right to vote, in violation of the United States Constitution. Where a common scheme applicable to the class is alleged, commonality is met. *Overka v. American Airlines, Inc.*, 265 F.R.D. 14, 18 (D. Mass. 2010); *see also Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ("Commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members.") (abrogated on other grounds); *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 154 (N.D. Cal. 2015) ("Because of the nature of the plaintiffs' system-wide challenge, either each of the policies and practices is unlawful as to every [plaintiff] or it is not.") (internal quotation omitted). This requirement is met.

---

[1] As of August 28, 2015, there were 11,551 people registered in the Indiana Sex and Violent Offender Registry. *See* Indiana Sex and Violent Offender Registry (available at http://sheriffalerts.com/cap_office_disclaimer.php?office= 54663&fwd=aHR0cDovL3d3dy5pY3JpbWV3YXRjaC5uZXQvc2VhcmNoLmi5waHA/QWdlbmN5SUQ9NTQ2Nj M=)  (last visited: Sep.1, 2015).  Thus the actual number of class members is significantly larger since less than 25% of the people registered on the Sex and Violent Offender Registry are located in Marion and Lake County.

[2] Other factors courts consider in assessing the impracticability of joinder include "the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claims, judicial economy and the inconvenience of trying individual lawsuits." *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 696 (S.D. Fla. 2004) (internal quotation and citation omitted). These factors further support the conclusion that joinder is impracticable in this case and that the numerosity factor is met.

**IV.     The claims of the plaintiff are typical of those of the class**

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of the representative parties be typical of those of the class. As the Supreme Court has noted, this requirement is intertwined with the commonality requirement:

> [t]he commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so inter-related that the interests of the class-members will be fairly and adequately protected in their absence.

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). In order for this requirement to be met, there need not be identity of interest between the named plaintiff and the class that he seeks to represent; rather, there need only be "sufficient homogeneity of interests." *Sosna v. Iowa*, 419 U.S. 393, 403 n.13 (1975). Another view is that typicality requires that the claims of the plaintiff "not be significantly antagonistic to the claims of the proposed class." *Eatinger v. BP American Prod. Co.*, 271 F.R.D. 253, 260 (D. Kan. 2010) (internal quotation omitted). The fundamental inquiry is whether all members of the class would benefit in some way from a judgment favorable to the plaintiff. *See Meisberger v. Donahue*, 245 F.R.D. 627, 631 (S.D. Ind. 2007).

The putative class meets these standards. There is a uniform policy affecting all class members. Therefore, all members of the class would benefit in some way from a judgment favorable to the plaintiff in that all class members would be free from the unconstitutional constraints imposed by the Statute. The named plaintiff is, therefore, typical of the class he seeks to represent. *See, e.g.*, *Shepherd v. ASI, Ltd.*, 295 F.R.D. 289, 298 (S.D. Ind. 2013) (The typicality requirement was met where a finding that the defendants violated the statute in question "would redound to the benefit of all class members.").

### V. The requirement of adequacy of representation is satisfied here

Rule 23(a)(4) of the Federal Rules of Civil Procedure requires that the class representative's interest be such that he can and will vigorously pursue the class's interests as well as his own. *See, e.g.*, *Streeter v. Sheriff of Cook Cnty.*, 256 F.R.D. 609, 613 (N.D. Ill. 2009) (finding that felons were adequate class representatives). The plaintiff in this case is represented by the American Civil Liberties Union of Indiana and, specifically, Mr. Falk who has more than 35 years of experience in this type of litigation. Moreover, the relief that Mr. Valenti seeks "is not inconsistent in any way with the interests of the members of the class." *Jones v. Blinziner*, 536 F. Supp. 1181, 1190 (N.D. Ind. 1982). Mr. Valenti seeks an injunction to enjoin defendants from violating the United States Constitution. His relief is the same relief sought for the putative class. Likewise, the plaintiff clearly has a substantial stake in these proceedings that will "insure diligent and thorough prosecution of the litigation." *Rodriguez v. Swank*, 318 F. Supp. 289, 294 (N.D. Ill. 1970), *aff'd*, 496 F.2d 1110 (7th Cir. 1974). The named plaintiff is an adequate class representative and his counsel is adequate class counsel.[3]

### VI. The further requirements of Rule 23(b)(2) are also met in this case

The final requirement for certification of the class is stated in Rule 23(b)(2) of the Federal Rules of Civil Procedure. In order to meet the requirement of Rule 23(b)(2), the party who opposes the class must have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole." This is not a difficult standard to meet in a case such as this one, where the plaintiff challenges a governmental practice or policy of general applicability. After all, "Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits. Most class

---

[3] Undersigned counsel should therefore be appointed class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

actions in the constitutional and civil rights areas seek primarily declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class action criteria." *Tyson v. Grant Cnty. Sheriff*, No. 1:07-cv-0010, 2007 WL 1395563, *5 (N.D. Ind. May 9, 2007) (quoting A. Conte & H. Newberg, 8 *Newberg on Class Actions*, § 25.20 (4th ed. 2002)).  Consequently, "[t]he requirements of the rule are . . . given a liberal construction in civil rights suits." *John Does 1-100 v. Boyd*, 613 F. Supp. 1514, 1528 (D. Minn. 1985) (citing *Coley v. Clinton,* 635 F.2d 1364, 1379 (8th Cir. 1980)).

In this case, the allegedly unlawful Statute has detrimentally affected and will continue to detrimentally affect the named plaintiff as well as the members of the putative class. The plaintiff seeks to enjoin this unlawful Statute. The defendants have therefore acted or refused to act on grounds generally applicable to the class.[4] The requirements of Rule 23(b)(2) are therefore met.

## VII.    Conclusion

For the above reasons, this case should be certified as a class action pursuant to Rule 23(a) and (b)(2) with the class defined as noted above.

/s/ Jan P. Mensz_____
Jan P. Mensz
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN  46202
317.635.4059, x107
jmensz@aclu-in.org

/s/ Kenneth J. Falk_____
Kenneth J. Falk
ACLU of Indiana
1031 E. Washington St.

---

[4] The class is only prosecuting its claims against the state defendants in this case: the Indiana Secretary of State, the Individual Members of the Indiana Election Commission, and the Superintendent of the Indiana State Police.

Indianapolis, IN  46202
317.635.4059, x104
<kfalk@aclu-in.org>

*Attorneys for the plaintiff*

## CERTIFICATE OF SERVICE

      I hereby verify that on this 2nd day of September 2015, a copy of the foregoing was filed electronically with the Clerk of this Court.  I also mailed on this date to the following parties by U.S. postage, pre-paid.

    Indiana Secretary of State
    201 State House
    200 W. Washington St.
    Indianapolis, IN 46204

    The Individual Members of the Indiana Election Commission
    c/o Office of the Secretary of State
    201 State House
    200 W. Washington St.
    Indianapolis, IN 46204

    Superintendent
    Indiana State Police
    Indiana Government Center - North
    100 N. Senate Ave.
    Indianapolis, IN 46204

    Blackford County Prosecutor
    111 N. High St.
    Hartford City, IN 47348

                                                       /s/ *Jan P. Mensz*
                                                       Jan P. Mensz
                                                       Attorney at Law