UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN VALENTI, on his own behalf and on behalf of a class of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INDIANA SECRETARY OF STATE, in her official capacity; THE INDIVIDUAL MEMBERS of the INDIANA ELECTION COMMISSION, in their official capacities; THE SUPERINTENDENT of the INDIANA STATE POLICE, in his official capacity; THE BLACKFORD COUNTY PROSECUTOR, in his official capacity, <br><br> Defendants. | Case No. 1:15-cv-1304-WTL-TAB |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Brian Valenti, the plaintiff, in response to the defendants' first motion to dismiss, amended his complaint, but failed to cure the fundamental problem of his lawsuit: Mr. Valenti challenges a law, Indiana's new sex offender law (Indiana Code § 35-42-4-14), that causes him no harm cognizable under federal law or the United States Constitution.

Mr. Valenti asserts that the new law interferes with his right to vote. While Mr. Valenti has backed off his assertion that the new law prohibits him from voting in person, he has backed off any claim at all for which this Court could provide relief. His case is, at most, a right to be at a certain place at a certain time where certain people may be. That is, Mr. Valenti can vote in person, he can vote by

absentee ballot, he can vote at a vote center that is a mere twelve miles away from his home, but Mr. Valenti brings this lawsuit because he wants to be at one Vote Center on Election Day. There is no constitutional right to vote in person, much less a right to vote at a certain place on a certain day.

Mr. Valenti filed this lawsuit in August. Shortly thereafter, he filed a motion for a preliminary injunction, arguing that the new law would cause irreparable harm unless this Court issued a preliminary injunction before the upcoming Election Day, November 3, 2015. Dkt. 17. The defendants filed a response in opposition, pointing out that Mr. Valenti lives in Blackford County, a "Vote Center" county; therefore, Mr. Valenti can vote in person because there are no traditional precinct polling places in the county, and, while one of the vote centers is at a school, the other is at a civic center, where Mr. Valenti is free to vote in person. Dkt. 22.  Mr. Valenti then filed a motion to withdraw his request for a preliminary injunction. Dkt. 24. Mr. Valenti suffered no injury on Election Day 2015 because of the new Indiana sex offender law, and he will not suffer any injury from this law in the future. That is to say, there is no case or controversy; consequently, this Court lacks subject matter jurisdiction. Accordingly, his lawsuit should be dismissed.

**I.    The new sex offender statute prohibits Mr. Valenti from entering school property; it does not interfere with his right to vote.**

While the new law may prohibit Mr. Valenti from entering school property, the new law does nothing to stop Mr. Valenti from voting in person as he had in the past, assuming, of course, that Mr. Valenti was, in fact, registered to vote when he filed his lawsuit as he claimed in his verified complaint, and if he had chosen to exercise that right before by voting in person. Mr. Valenti has not been injured by

Indiana Code § 35-42-4-14, and, because he has not suffered any injury, Mr. Valenti lacks standing to challenge the statute.

Mr. Valenti asserts that Indiana's new sex offender statute burdens his right to vote by not allowing him to vote in person.  Dkt. 28. Indiana Code § 35-42-4-14, Indiana's new sex offender statute, prohibits those defined as "serious sex offenders"—those required to register as a sex offender and convicted of specific crimes such as crimes against children—from entering "school property." School property is defined as:

> a building or structure owned or rented by: [ ] a school corporation; [ ] an entity that is required to be licensed under [the Indiana Code relevant to day care providers]; [ ] a private school that is not supported and maintained by funds realized from the imposition of a tax on property, income, or sales; or [ ] a federal state, local, or nonprofit program or service operated to serve, assist, or otherwise benefit children who are at least three [ ] years of age and not yet enrolled in kindergarten . . .

Indiana Code § 35-31.5-2-285. School property also includes the "grounds adjacent to and owned or rented in common with a building or other structure described [above]." *Id.* A serious sex offender who enters school property commits a Level 6 felony. Ind. Code § 35-42-4-14(b). Mr. Valenti asserts that the law applies to him and, consequently, he is barred from entering school property.

Whether Mr. Valenti may enter school property is, of course, a separate question from whether the law interferes with Mr. Valenti's right to vote. Mr. Valenti, since filing his lawsuit, is now more informed about Indiana's voting system as it applies to him, but this new understanding has only led to Mr. Valenti's grasping for any injury he can conjure up to rescue his lawsuit. Now, Mr. Valenti seems to argue that he not only has a right to vote in person, but the right

to vote at a certain place on a certain day. There is no right to vote in person. *McDonald v. Bd. of Election Comm'rs of Chicago*, 394 U.S. 802, 809, 89 S. Ct. 1404, 1409, 22 L. Ed. 2d 739 (1969); *Indiana Democratic Party v. Rokita*, 458 F. Supp. 2d 775, 813 (S.D. Ind. 2006) *aff'd sub nom. Crawford v. Marion Cty. Election Bd.*, 472 F.3d 949 (7th Cir. 2007) *aff'd*, 553 U.S. 181, 128 S. Ct. 1610, 170 L. Ed. 2d 574 (2008). If there is no right to vote in person, there is, of course, no right to vote in person at a certain place. And that means that Mr. Valenti has not stated a claim for which this Court could grant relief.

      Mr. Valenti now knows he can vote in person both before and after the new law went into effect, but argues that these alternative voting options are somehow "constitutionally deficient." Dkt. 28, p. 1. There is no authority to support such a claim. Despite his status as a registered sex offender who is prohibited from entering school property, Mr. Valenti may vote in person through early, in-person absentee voting or at a vote center on Election Day, or he could mail in an absentee ballot.

      Mr. Valenti is wrong that any voting method is inferior to the others. Indiana law allows residents to exercise their right to vote in a number of different ways, including absentee voting, in-person voting on Election Day, and early in-person absentee voting. None of these voting methods is inferior, and Mr. Valenti points to nothing empirical in his complaint to show one way of voting is a burden on the right to vote. Whereas before, Mr. Valenti complained only about an inability to vote in person, now, in his amended complaint, the "harm" he alleges is that he may prevented from carrying out a conversation with a candidate on Election Day, a

possibility that is wholly speculative in addition to being a harm that no federal court has recognized. He has not been harmed, and he will not be harmed. His complaint should be dismissed.

## II. The Court should dismiss this case because Mr. Valenti has not met the elements necessary to show he has standing.

The defendants here move for dismissal under Federal Rule of Civil Procedure 12(b)(1), challenging the Court's subject-matter jurisdiction over Mr. Valenti's lawsuit. Mr. Valenti bears the burden of proving he has met the jurisdictional requirements. *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir.2003). Lack of standing is an appropriate ground for dismissal under Rule 12(b)(1). *See Retired Chicago Police Ass'n v. City of Chicago,* 76 F.3d 856, 862 (7th Cir.1996). A court must accept all material allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id*. But Mr. Valenti must show he meets all the elements necessary for standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 444 (7th Cir.2009) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)).

It makes no difference that Mr. Valenti filed this lawsuit as a class action. A class representative must suffer some injury, and, specifically, suffer the same injury as the rest of the class. *Keele v. Wexler*, 149 F.3d 589, 592-93 (7th Cir. 1998). Without injury, Mr. Valenti (and by extension, the class) lacks standing. *Id.*

### III. Mr. Valenti lacks standing to bring a lawsuit challenging Indiana Code §35-42-4-14.

Mr. Valenti has not been harmed by Indiana's new sex offender statute. Accordingly, Mr. Valenti does not have standing. Mr. Valenti cannot show that the new sex offender statute bars him from voting in person or otherwise deprives him of a right to vote or burdens that right in any legally cognizable way.

#### A. Indiana election law offers several options for Mr. Valenti on Election Day, including in-person voting.

Mr. Valenti airs his grievances about the new sex offender statute in the "Facts" section of his complaint. Those paragraphs recite the statute, assert that the statute applies to Mr. Valenti, and assert that the statute burdens his right to vote. In the amended complaint, Mr. Valenti still devotes the bulk of the assertions to perceived problems with mail-in absentee ballots, but does add some new assertions to take into account his new understanding of Blackford County and Indiana's voting options.

But none of his new assertions add up to a cause of action. Indiana provides many voting options for registered voters, and all options remain open for Mr. Valenti, even though he is a registered sex offender who may not enter school property.

First, as noted by Mr. Valenti, there is the mail-in absentee voting option. This option, available only to certain voters, including those expecting to be absent from the county on Election Day, the disabled, and the elderly, permits voters to mail in their ballots. Ind. Code § 3-11-10-24. Those defined as "serious sex offenders" may also vote by mail-in absentee ballot. Ind. Code § 3-11-10-24(a)(12).

Mr. Valenti imagines various difficulties related to absentee voting, and alleges that his right to vote is being burdened because he cannot enlist the aid of "election workers" who may be present at a polling place. Dkt. 1, p. 9. But millions of Americans on election days recognize that, rather than a lesser form of voting, absentee voting simply represents a "convenient method of exercising the franchise." *McDonald v. Bd. of Election Comm'rs of Chicago,* 394 U.S. 802, 811 (1969).

Another option is in-person absentee voting. Open to all registered voters, this option negates any concerns Mr. Valenti may have about absentee voting, because, under Indiana law, Mr. Valenti may vote, in person, at the court clerk's office. Ind. Code § 3-11-10-26(a)(1). Mr. Valenti, in the most recent election (if, as he asserted in his original complaint (Dkt. 1, p. 6), he was registered to vote), had the right to cast his vote in person from October 6, 2015, or as late as noon the day before Election Day. Ind. Code § 3-11-10-26(c).

Finally, Blackford County, where Mr. Valenti resides, is a Vote Center county. There are no traditional precinct polling places in Blackford County because Blackford County elected to adopt Vote Centers. Under Indiana law, a county that meets certain requirements may elect to employ Vote Centers instead of precinct polling places. Indiana Code § 3-11-18.1-3. Blackford County is one such county. http://www.in.gov/sos/elections/3574.htm (last visited November 9, 2015). Vote Centers are polling places where any eligible voter in the county may vote. That is, voters are not obligated to vote at a particular polling place. *Id.* Blackford County had two designated Vote Centers for the November 2015 Municipal Election. One

Vote Center was at the Blackford County High School Auxiliary Gym. The other was the Montpelier Civic Center, where Mr. Valenti was free to vote in person on Election Day. Dkt. 7, ¶ 26, *see also* http://www.in.gov/sos/elections/files/Blackford_County_Vote_Center_Amendment_2015.pdf (last visited November 12, 2015). A Vote Center county must use equipment and procedures to ensure that the information a voter enters into an electronic poll book is immediately accessible to the county election board and the electronic poll book used at another vote center in the county. Ind. Code 3-11-18.1-4(11). This means a ballot will look the same to a voter whether he or she votes at one vote center or another.

The upshot of this is that, out of all these options, the only thing Mr. Valenti is precluded from doing is going to one Vote Center at a high school on Election Day. Mr. Valenti tries to make this into a burden on his right to vote, but no authority supports such a claim. Mr. Valenti may take advantage of all voting methods Indiana law offers, including voting, in person, at the Montpelier Civic Center, providing Mr. Valenti the same voting experience he asserts the serious sex offender law blocks him from enjoying on Election Day. Mr. Valenti's claim that he has been harmed rests on his assertion that the nine mile difference between the two vote centers imposes an unconstitutional burden on his right to vote.[1] Dkt. 28, p. 7. It is unclear whether Mr. Valenti is suggesting that there is a right to have a polling place within a certain mileage of one's home. If so, there is no such right, but

---

[1] While not before the Court on this motion to dismiss, it should be noted that Mr. Valenti's federal lawsuits appear to be in conflict due to his search for an injury in this case. In another lawsuit, *Valenti v. Hartford City,* 1:15-cv-00063-TLC-SLC (Northern District of Indiana), Mr. Valenti filed two affidavits showing that he may not have as much trouble getting access to a car as he suggests in this case. In one declaration, Mr. Valenti questions what would happen if he were to be "doing errands and drive by a park," (Dkt. 34-2); in another, he asserts that his "wife is disabled and does not drive so this is something that I would do." (Dkt. 9-1).

even if there were one, Mr. Valenti has other options discussed above, including mail in absentee voting and in person absentee voting. Mr. Valenti's problem with these choices seem to be that he is not able to meet certain candidates or other voters who may or may not be at the vote center at a certain time. This is not about a right to vote then, but rather a desire to be present at a school on a certain day, a desire unrecognized by any federal court.

There is no constitutional right to vote by absentee ballot, and, as recognized in the Southern District of Indiana, means that there is no constitutional right to vote in person. *Indiana Democratic Party*, 458 F. Supp. 2d at 813, *citing Griffin v. Roupas*, 385 F.3d 1128 (7th Cir.2004). In other words, that same court held that "[v]oting by absentee ballot instead of in person does not, by itself, constitute an injury in fact since there is no established constitutional right to vote in person." *Id.* Indeed, the Seventh Circuit recognized that some states, Oregon specifically, have only absentee ballots. *Griffin*, 385 F.3d at 1131. Finally, if a state can completely disenfranchise ex-felons,[2] it is hard to imagine how giving Mr. Valenti several ways of voting could be a constitutional violation.

### B. Mr. Valenti has not been harmed, will not be harmed, and thus lacks standing.

Mr. Valenti must have standing to proceed in this lawsuit. Article III of the Constitution confines the federal courts to adjudicating actual "cases" and "controversies." *Allen v. Wright*, 468 U.S. 737 (1984). This standing requirement has a core component derived directly from the Constitution. Thus, it is a mandatory,

---

[2] *Richardson v. Ramirez*, 418 U.S. 24, 56, (1974).

Constitutional requirement that a plaintiff must allege personal injury. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The injury alleged must be "'distinct and palpable,'"[3] not "abstract" or "conjectural" or "hypothetical."[4] The injury must be "fairly" traceable to the challenged action, and relief from the injury must be "likely" to follow from a favorable decision. *See Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41 (1976). Lack of standing is an appropriate ground for dismissal under Rule 12(b)(1). *See Retired Chicago Police Ass'n v. City of Chicago,* 76 F.3d 856, 862 (7th Cir.1996). The plaintiff is required to show he meets all the elements necessary for standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 444 (7th Cir.2009) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)).

Mr. Valenti lacks standing. Mr. Valenti can vote in person, either through in-person absentee voting or at the Civic Center Vote Center or he can vote by mail. Mr. Valenti wants to vote at a certain place on a certain day, but that is not a recognized right. Mr. Valenti has not been injured, so his lawsuit should be dismissed.

\* \* \*

Mr. Valenti has several voting options. He can vote in person before Election Day, he can vote by mail, or he can vote in person at another vote center. No court

---

[3] *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) (quoting *Warth v. Seldin*, supra, 422 U.S., at 501 (1975)).

[4] *Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

has recognized a right to vote in whatever form a person wants to vote, or to vote at a certain location. Indiana provides Mr. Valenti with a number of safe and effective means of voting. Indiana's voting system does not inconvenience Mr. Valenti, much less burden his right to vote. Thus, his lawsuit should be dismissed.

         Respectfully submitted,

         GREGORY F. ZOELLER
         Indiana Attorney General
         Attorney No. 1958-98

Date: December 21, 2015  By: *s/ Jefferson S. Garn*
         Jefferson S. Garn
         Deputy Attorney General
         Attorney No. 29921-49

         OFFICE OF INDIANA ATTORNEY GENERAL
         Indiana Government Center South, 5th Floor
         302 West Washington Street
         Indianapolis, IN  46204-2770
         Telephone:  (317) 232-6292
         Fax:  (317) 232-7979
         Email:  jefferson.garn@atg.in.gov

## CERTIFICATE OF SERVICE

I certify that on December 21, 2015, a copy of this ***Memorandum in Support of Motion to Dismiss First Amended Complaint*** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Kenneth J. Falk
    ACLU OF INDIANA
    kfalk@aclu-in.org

    Jan P. Mensz
    ACLU OF INDIANA
    jmensz@aclu-in.org

    Gavin M. Rose
    ACLU OF INDIANA
    grose@aclu-in.org

                                   *s/ Jefferson S. Garn*
                                   Jefferson S. Garn
                                   Deputy Attorney General
                                   *Counsel on behalf of Defendants*

OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone:  (317) 232-6292
Fax:  (317) 232-7979
Email:  jefferson.garn@atg.in.gov