# TRIAL PROCEDURE

# JUDGE WILLIAM T. LAWRENCE

## INTRODUCTION

This procedure guide has been compiled for lawyers preparing for trials before Judge William T. Lawrence. Counsel should remember however that each case is unique. Thus, even though the information being provided is based upon actual experiences from past trials and is intended to describe what typically happens, a particular trial may dictate a different result or action by Judge Lawrence.

## GENERAL MATTERS

1. Counsel are expected to be fully familiar with the Local Rules of the United States District Court for the Southern District of Indiana. A copy of the Local Rules can be obtained either from the Clerk's Office or on the Internet at http://www.insd.uscourts.gov

2. Counsel should stand when speaking for the record and when addressing the court. Use the lectern except for brief objections during testimony.

3. Colloquy or argument directly between attorneys is not permitted. All remarks should be addressed to the court.

4. Colloquy between co-counsel or between counsel and parties when opposing counsel is questioning or arguing is inappropriate if it is distracting to others.

5. Do not exhibit familiarity with witnesses, jurors or opposing counsel. The use of first names is discouraged. During argument to the jury, no juror should be addressed individually or by name.

6. No person in the courtroom should ever exhibit, by facial expression, bodily movement, or other conduct, any opinion (e.g., surprise, happiness, disbelief or displeasure) concerning any testimony, attorney argument, or any particular ruling by the court. Counsel should admonish their clients and witnesses to avoid such behavior. Visitors who cannot abide by this requirement will be asked to leave the courtroom.

7. Do not ask the reporter to mark testimony. All requests for re-reading of questions or answers should be addressed to the court.

8. After trial has begun, documents should be tendered to the courtroom deputy for filing, rather than to the Clerk's Office, if they are not being filed electronically.

# COURT HOURS AND PROMPTNESS

1. The usual trial schedule begins at 9:00 a.m. and continues after a convenient midmorning break (of approximately ten minutes) until at or near noon. Lunch is usually one hour, but has been less. After the lunch break, the afternoon session normally continues until 5:00 with a mid-afternoon recess of approximately twenty minutes. Times to recess and adjourn may vary slightly, to permit the conclusion of a witness' testimony, to allow counsel to finish with direct or cross-examination, or if the court must attend to other business. The court does not like to hold doctors and other non-party professional witnesses over for testimony on the following day. The court will make every effort to conclude a professional witnesses= testimony on the day that he/she is scheduled. Counsel should alert the court to any circumstance when any witness, by necessity, will be held over until the next day.

2. The court makes every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses. Counsel should be in the courtroom at least 15 minutes prior to the start of each day's proceedings and 30 minutes prior to the start on the first day of trial as the court may want to meet with counsel. Never be late. (Note: The court has resumed a jury trial after a break, even though parties failed to return within the prescribed time.) The courtroom deputy should be informed of any anticipated scheduling problems, and the court will attempt to work with counsel to resolve them.

3. If a witness was on the stand at a recess or adjournment, that witness should be on the stand ready to proceed when court is resumed.

4. If the conclusion of a witness' testimony is followed by a recess or adjournment, the next witness should be ready to take the stand when the trial resumes.

5. If a witness' testimony is expected to be brief, have the next witness immediately available, ordinarily in the witness room.

6. Do not run out of witnesses. If there is a substantial delay between witnesses, the court may deem that you have rested.

7. The court attempts to cooperate with the schedules of doctors and other non-party professional witnesses and will consider permitting them to testify out of sequence. Anticipate any such possibility and discuss it with opposing counsel and advise the courtroom deputy. If there is an objection, advise the courtroom deputy in advance.


# OPENING STATEMENTS AND CLOSING ARGUMENT

1. Counsel should stand at the lectern during the opening statement and closing argument.

2. The court will honor counsel's reasonable requests concerning the amount of time for opening statements and closing arguments. These limits will ordinarily be set in the final pretrial conference.

3. When the court says "two minutes remain" for your opening or closing to the jury, that means your time has expired, so conclude as soon as possible or you will be cut off.

4. During the argument of opposing counsel, remain seated at the counsel table and be respectful. Never divert the attention of the court or the jury. Counsel should so instruct their clients and witnesses.

5. If you intend to use during opening statement an exhibit as to which admissibility has not

been stipulated, raise the matter in advance with the court and opposing counsel.

    6. Confine opening statements to what you expect the evidence to show. It is not proper to use the opening statement to argue the case, to instruct as to the law, or to express counsel's personal opinion.

    7. If plaintiff is going to suggest a damages number to the jury, that number must be stated in the opening segment of plaintiff's closing argument so defendant has an opportunity to respond.

    8. Although plaintiff is permitted to open and close final arguments, the large majority of the time must be spent in the opening portion.

    9. Jurors' comments after trials have indicated that they resent long closing arguments. Be brief.

## THE VENIRE AND VOIR DIRE

    1. A list of the venire and copies of questionnaires which the venire have completed will be available to counsel the Friday before the trial starts. As soon as the jury has been chosen, the questionnaires must be returned to the courtroom deputy.

    2. In civil cases fourteen prospective jurors will be seated in the jury box (and in the front row of the gallery) based on their order of draw number. The prospective juror with the lowest order of draw number will be seated in the first row of the jury box, closest to the bench; the prospective juror with the seventh lowest order of draw number will be seated in the top row of the jury box in the seat furthest from the bench. The remainder of the venire beyond the first seven will be seated in the first row of the gallery based on their order of draw. In the event the first fourteen prospective jurors expected to appear do not appear, those seats in the jury box may be filled by prospective jurors with the next highest order of draw numbers. In civil cases, voir dire ordinarily will be conducted of all prospective jurors at the same time.

    3. A seating chart will be available the morning of trial.

    4. The court will initiate and conduct the first part of the voir dire. Pursuant to the court's scheduling orders, counsel may submit before trial any questions they would like the court to ask.

    5. After the court concludes its voir dire, counsel will have a brief opportunity (usually fifteen to thirty minutes per side) to question the panel. Counsel conducting voir dire should do so standing at the lectern.

    6. Examples of inappropriate voir dire:
        a.   Argument.
        b.   Asking jurors if they will be able to enter a verdict of so many dollars.

    7. In civil cases, each side will be entitled to a minimum of three peremptory challenges. On a case by case basis, depending on the number of prospective jurors summoned and the number of prospective jurors excused for cause, additional peremptory challenges may be granted. When all challenges have been completed and there remain more prospective jurors than required, the appropriate number of prospective jurors will be chosen from those with the lowest order of draw numbers.

    8.   In criminal cases, the Government will be entitled to six peremptory challenges; the defense will be entitled to ten peremptory challenges; plus any additional challenges for alternate jurors pursuant to Fed. R. Crim. P. 24.

9. All peremptory challenges will be exercised simultaneously and in writing.

10. In civil cases, the court ordinarily seats a jury of seven members. However, in certain cases, based upon the expected length of the trial, additional jurors may be seated. There are no alternate jurors in civil cases; all jurors selected will participate in deliberations.

## FACILITIES

1. A TV, VCR, an easel, a dry erase board and markers are available. Counsel who plan to use them should make arrangements with the courtroom deputy before trial begins. Counsel should expect to bring with them any other equipment, such as overhead projectors, screens, and other easels which they expect to use to display exhibits.

2. If counsel wish to use one of the Video Evidence Presentation Systems ("VEPS") owned by the Southern District of Indiana, three weeks' notice to the courtroom deputy prior to the start of the trial is required to be sure one of the systems will be available. If a VEPS is not available due to prior commitments, counsel will need to provide any such equipment.

3. There is one witness room down the hall from the courtroom, Room 201, which is open and available during trial. Witnesses should generally be asked to report to Room 201.

4. The facilities of the chambers, including the telephones and the copier, are not available to counsel during trial. Counsel should enter chambers and the jury room only by invitation of the court staff.

5. Cellular phones and beepers may be used outside the courtroom but must be turned off in court.

6. Unless otherwise directed, tables in the well area are not assigned by party in civil cases. The first party to arrive on the first morning of the trial has first choice. Parties are, of course, permitted to agree between themselves.

7. On days of trial, the courtroom will be opened by 8:00 a.m., but can be opened earlier by special request made to the courtroom deputy.

8. The courtroom will not be locked during the noon recess (unless by agreement of all parties) and court staff will not be present to watch any materials left in the courtroom.

9. The courtroom will be locked overnight

10. Food and drinks are not allowed in the courtroom, except for bottled water.

11. A pitcher of water and cups will be made available for each table and the witness chair.

# EXAMINATION OF WITNESSES

    1. Witnesses should be treated with appropriate fairness and consideration. They should not be shouted at, ridiculed, or otherwise abused.

    2. Counsel should conduct examination of witnesses from the lectern.

    3. Counsel should avoid questions that:

        a. begin "It is my understanding that . . .," or "Do I understand correctly that . . . .,"

        b. recapitulate the witness' testimony.

        c. ask a witness for a "best guess" or other obvious speculation.

        d. are argumentative.

        e. contain preparatory remarks, such as summarizing what was stated in opening statements, what other witnesses have said, or what is contained in exhibits.

        f. ask, "Is it fair to say?"

        g. ask if the witness agrees with counsel, with some other testimony, or to some fact stated by counsel.

        h. are negative such as, "Did you not receive a high school degree?" or "You didn't see the accident?"

    4. Avoid responding to answers with editorial comments of approval or disapproval. Such responses are likely to draw a quick rebuke without a private warning.

    5. When the purpose of approaching the witness is to work with an exhibit, prior permission of the court need not be sought. During a jury trial, the witness and the exhibit (if enlarged) should be facing the jury so that you can be seen and heard. Counsel should resume the examination of the witness from the lectern when finished with the exhibit.

    6. When the trial begins, please provide the court and the court reporter with a list of witnesses you expect to call. Please attempt to have the correct spellings for the court reporter.

    7. Have all witnesses spell their names on the record.

    8. The court may allow jurors to submit questions. If so, jurors will prepare written questions. The court will review the questions and ask counsel for objections outside the hearing of the jury. The court will then ask the permitted questions and counsel will be allowed to ask additional questions of the witness based on the answers to the jurors' questions. The identity of the juror asking a particular question will not be disclosed.

## OBJECTIONS TO QUESTIONS

    1. Stand when making objections. This calls the court's attention to you and allows you to be heard more readily.
    2. When making an objection, state only that you are objecting and specify the ground or grounds for that objection.
    3. Do not use objections for the purpose of making a speech, recapitulating testimony or attempting to guide the witness.
    4. Unless the ruling is obvious, the court will ordinarily ask for a brief response from opposing counsel. Further argument upon the objection will not be heard until permission is given or argument is requested by the court.
    5. Where more than one attorney appears for a given party, the attorney who handles the direct examination of a witness shall also interpose objections when the witness is being examined by other counsel. The attorney who will cross-examine a witness shall interpose any objections during direct testimony.

## DIFFICULT QUESTIONS - ADVANCE NOTICE

If counsel have reason to anticipate that any question of law or evidence is not routine, will provoke an extensive argument, or will require a proffer outside the presence of the jury, counsel should confer and attempt to resolve the matter. If agreement is not possible, give advance notice to the court to allow for appropriate scheduling arrangements to be made.

## STIPULATIONS

    1. Stipulations concerning exhibit admissibility and authenticity, as well as stipulations of fact, are not only encouraged, but expected.
    2. The preferred exhibit stipulation for **jury trials** is that exhibits are admissible and may be used at any place in the trial; only exhibits mentioned during questioning of a witness in open court shown to the jury will be considered as having been admitted into evidence.
    3. The preferred exhibit stipulation for **court trials** is that exhibits are admissible and may be used at any place in the trial; only exhibits mentioned during the trial will be considered as having been admitted into evidence.

## DEPOSITIONS

1. Pretrial orders in civil cases will ordinarily require advance designation of depositions or deposition excerpts to be offered at trial. This matter will ordinarily be addressed in pretrial conference.

2. Where a deposition is to be read for impeachment purposes, the relevant excerpts must be identified orally for the record by line and page reference. Before using portions of depositions for impeachment, counsel should ordinarily allow the witness to read them after the identification has been made for the record. A deposition used for impeachment need not be filed or marked as an exhibit.

3. Confer with opposing counsel to edit depositions to be used at trial, and remove unnecessary material. This also applies to video depositions.

4. If a deposition is to be read at trial, those portions to be read shall be marked on the original transcript and the original transcript shall be marked as an exhibit and offered as an exhibit at trial. However, the exhibit shall not be included with the exhibits provided to the jury for its deliberations.

5. If a video deposition is to be shown at trial, both the video and the original transcript of the deposition (with the portions to be shown marked) shall be marked and offered as exhibits, but shall not be included with the exhibits provided to the jury for its deliberations.

6. If a deposition is to be read at trial other than for impeachment, the party seeking to use the deposition shall place a person in the witness box. Counsel seeking to use the deposition shall read the selected questions, and the witness in the box shall read the answers of the deposed witness to t

7. If a deposition is to be used at trial other than for impeachment and objections were made at the deposition, counsel should confer before the final pretrial conference, and any disputed issues will be addressed at the final pretrial conference.

8. The parties should stipulate, if possible, that the reading of depositions not be taken by the reporter.

9. Summaries of deposition transcripts are acceptable only by stipulation.

10. Medical experts who routinely examine and treat patients in their practices and who have been deposed in a particular case will be presumed by the court to be Αunavailable@ for in-court testimony pursuant to Fed. R. Civ. P. 32(a)( 3) so that their deposition testimony may be offered into evidence at trial in that case by any party. This presumption also applies to treating health care providers even if their deposition testimony is being offered on firsthand observations rather than as expert opinion. The purpose of this presumption is to avoid the inconvenience and delay to jurors, health care providers and their patients caused by the scheduling of in-court trial testimony. If a party objects to the application of this presumption and the admissibility of deposition testimony instead of in-court testimony from such a witness, a written objection to the presumption, containing a showing of good cause why the admission of deposition testimony only from that witness would be prejudicial, must be filed at least 30 days before the trial date. A party opposing such an objection can still attempt to demonstrate under Fed. R. Civ. P. 32(a)(3) that the deposition testimony ought to be admitted.

# EXHIBITS

1. Exhibits should be marked for identification before trial and a descriptive list provided to the court and the court reporter.

2. All exhibits should be identified by number only (and not as "Plaintiff's Exhibit 1," for example.) Counsel shall confer and agree from the commencement of discovery on a numbering system that will avoid confusion and duplication. It is recommended that the parties utilize a numbering system in which the first deposition exhibit is marked No. 1 and so on up to No. 8, for example, for the last one. The first exhibit in the second deposition should be marked No. 9 and so on. Thus, for example, the employment contract would be the same exhibit with the same number for all depositions. Then, the same exhibit numbers would be used for trial purposes. Numbers for trial exhibits need not be consecutive.

3. Unless the introduction of exhibits is governed by Stipulations, paragraph 2 or 3 above, counsel should move the admission of stipulated exhibits at the beginning of trial. If neither of these procedures are used, exhibits should be offered in evidence when they become admissible, rather than at the end of a witness' testimony or counsel's case.

4. The court expects counsel to prepare sufficient copies of documentary exhibits for each juror, the court, the witness stand, and opposing counsel. If more than a few documents are involved, the court strongly urges that exhibit notebooks with tabs be prepared for each juror, the court, the witness stand, and opposing counsel. This practice might not be necessary when some exhibits are too bulky or if there are other reasons not to use individual copies. This subject will be discussed at the final pretrial conference.

5. During the trial, exhibits admitted into evidence are kept on the table in front of the jury box or at the witness stand if exhibits are contained in a notebook or notebooks. Each counsel is responsible for exhibits taken from the table or the witness stand. At each recess or adjournment, return all exhibits to the table or witness stand. Exhibits which have been offered but not admitted are also part of the record of the case and are kept by the courtroom deputy.

6. Each counsel shall keep a list of admitted exhibits. Counsel and the courtroom deputy shall confer at the close of the evidence to ensure that only admitted exhibits are sent to the jury. Controlled substances, currency, firearms, or other dangerous materials are generally not sent with the jury; counsel are asked to substitute photographs.

7. If an exhibit must be marked for identification in open court, counsel should state for the record what they are doing and describe briefly the nature of the exhibit. Counsel should not expect the court to provide exhibit labels.

8. Ordinarily, exhibits admitted into evidence may be displayed to the jury at the time of admission or in conjunction with other exhibits at the conclusion of the witness' examination by the "offering" counsel, but permission of the court should be sought before doing so.

9. When counsel or witnesses refer to an exhibit, mention should also be made of the exhibit number so that the record will be clear.

10. Where maps, diagrams, pictures or similar materials are being used as exhibits, and locations or features on such documents are being pointed out by witnesses or counsel, such locations should be indicated by appropriate markings on the documents if they are not readily apparent from the exhibits themselves. Unnecessary markings should be avoided. Marking on exhibits should be made only after considering the views of opposing counsel and only after receiving the court's permission. Counsel should then describe the markings for the record.

Exhibits with overlays or with moveable parts have been very useful.

    11. Where counsel expect to offer answers to interrogatories or requests for admissions extracted from several separate documents, prepare copies of the individual materials rather than thumbing through extensive files while the court and the jury wait for counsel to locate the particular items. The copies should only be the particular interrogatory or request to admit together with the caption and signature page. These materials should ordinarily be the subject of stipulations and should be addressed at the final pretrial conference.

    12. All exhibits other than those on 8 1/2 x 11" or 14" x 11" paper will be returned to the parties at the end of the proceeding unless the court specifies otherwise. Parties will be responsible for delivering them to the Court of Appeals if and when necessary.

    13. For all documents not in notebooks, but which may be admitted into evidence, have appropriate number of copies available on three hole punched paper, so that if admitted, the exhibits may be distributed to the jury, the court, opposing counsel and the courtroom deputy for inclusion in the notebook or notebooks kept at the witness stand.

    14. Each page of each exhibit should have an identifying number.

    15. If deposition exhibits will be referred to at trial, either during impeachment or from reading a transcript or showing a video, and the numbering thereof is not consistent with the numbering system used at trial, a stipulation containing a cross-reference to trial exhibit numbers and any deposition exhibits to which reference may be made at trial should be utilized.

    16. If over-sized exhibits or models are to be used, counsel need to make arrangements with the courtroom deputy at least two weeks before start of trial.

    17. Be sure there is a proper line of sight for the jury, court, witness and counsel when using easels, over-sized exhibits and models.

## JURY INSTRUCTIONS

    1. Electronically File and serve proposed jury instructions pursuant to the pretrial orders. Shortly before you submit your instructions, counsel may obtain from the courtroom deputy a copy of recent instructions so that counsel may focus on the substantive instructions.

    2. Each tendered instruction must include a citation to the authority on which counsel rely.

    3. The court will convene an instructions conference at an appropriate time, generally near the conclusion of all the evidence. The conference will be held at the end of a day or early in the morning or at the conclusion of all testimony, depending on the circumstances of the particular case. The court will provide a draft to counsel and the conference will be held on the record to discuss objections.

    4. All but a few final instructions will be given in advance of closing arguments, so counsel can, if they wish, incorporate the instructions into their closing arguments.

    5. All jurors are given a copy of the final instructions and verdict forms so they can follow along while the court reads the instructions and take the instructions with them for their deliberations.

## EXPERTS

Counsel may establish qualifications; the court will not declare a witness to be "an expert."

## JURORS

    1. Jurors are permitted to take notes in notebooks and in the exhibit books, and their notebooks and exhibit books accompany them during their deliberations.
    2. Jurors expect counsel to look at the witness to whom a question is directed and not to look at the jurors.
    3. Jurors do not appreciate counsel staring at them during the actual trial.

## AGENDA FOR FINAL PRETRIAL CONFERENCE

    1. Review of witness lists to determine who will testify and subjects of their testimony.
    2. Review of exhibit lists and discussion of authenticity, admissibility and objections. Bring one copy of proposed exhibits to conference.
    3. Motions in limine.
    4. Discussion of status of settlement.
    5. Discussion of length of voir dire, opening statements and closing arguments.
    6. General discussion of Preliminary Instructions and Joint Issue Instruction.
    7. Discussion of testimony that will be offered by way of deposition (objections).
    8. Stipulations.

## TRANSCRIPTS

    1. Parties desiring daily transcript of testimony must make their own arrangements, at least two weeks in advance of the start of the trial, directly with the court reporter.
    2. Parties desiring a transcript of court proceedings must make their own arrangements with the court reporter preferably before the start of the particular proceeding.
    3.On the morning of trial counsel shall provide the court reporter with a list of words, terms, technical terminology, proper names, acronyms, and case citations that would not be found in a generic spell check.

January, 2011