UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN VALENTI, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|     vs. | )   Cause No. 1:15-cv-1304-WTL-TAB |
| | ) |
| INDIANA SECRETARY OF STATE in her | ) |
| official capacity, *et al.*, | ) |
| | ) |
|         Defendants. | ) |

### ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the Defendants' motion to dismiss (Dkt. No. 32). The motion is fully briefed, and the Court, being duly advised, **DENIES** the Defendants' motion for the reasons and to the extent set forth below.

### I.    RULE 12(b)(1) STANDARD

The Defendants move to dismiss the Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), challenging the Court's subject matter jurisdiction over the Plaintiff's claims. In ruling on such a motion, the Court accepts as true all well-pleaded factual allegations and draws reasonable inferences in the Plaintiff's favor. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993). The Plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). "[A] court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction." *Capitol Leasing Co.*, 999 F.2d at 191.

1

## II.  BACKGROUND

The Plaintiff is a registered voter, living in Hartford City, Blackford County, Indiana. He challenges Indiana Code § 35-42-4-14, which prohibits persons meeting the definition of "serious sex offender" from knowingly or intentionally entering school property. The Plaintiff, who meets the definition of "serious sex offender" under the statute, contends that his First and Fourteenth Amendment rights are violated by the law because he cannot vote on an election day at the polling place closest to his home because it is a school property, the Blackford County High School Auxiliary Gym ("High School"). The Plaintiff may, however, vote on an election day at Blackford County's other polling place, the Montpelier Civic Center, which is located nine miles farther from the Plaintiff's home than is the High School. He does not have a vehicle that he can drive to Montpelier, and there are no buses or taxis. The Plaintiff may also cast an absentee ballot prior to an election day, either by mail or in person, at the Blackford County Circuit Court Clerk's office.

## III.  DISCUSSION

The Plaintiff maintains that the law "unjustifiably burdens [his] right to vote." Am. Compl. ¶ 63. Specifically, he argues that "the burden here is severe: by denying [him] the opportunity to vote with his community on election day, the [D]efendants are denying him the associational and expressive aspects that are at the heart of the constitutionally-protected [sic] right to vote, and which each voting alternative lacks." Dkt. No. 34 at 2.[1] The Defendants contend that, because he has not alleged an injury, no case or controversy exists for the Court to

---

[1] The Court does not interpret the Plaintiff's argument to mean that he asserts that he has been denied the right of freedom of association under the First and Fourteenth Amendments.

2

exercise jurisdiction and the Plaintiff lacks standing to bring his claims.  The Plaintiff responds that any burden imposed by the state on the right to vote constitutes an injury.

The existence of a case and controversy is a prerequisite for the exercise of federal judicial power under Article III.  *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1002 (7th Cir. 2004).  The prerequisite is satisfied only where a plaintiff has standing.  *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (citing *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006)).  This Court cannot assume a plaintiff has demonstrated standing in order to proceed to the merits of the underlying claim.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998).  To establish standing, a plaintiff must adequately show the following:

> (1) an injury in fact (*i.e.,* a 'concrete and particularized' invasion of a 'legally protected interest'); (2) causation (*i.e.,* a 'fairly ... trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (*i.e.,* it is 'likely' and not 'merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Sprint Commc'ns Co., L.P.*, 554 U.S. at 273-74 (quoting *Lujan,* 504 U.S. at 560–561 (calling these the "irreducible constitutional minimum" requirements)).

The Defendants challenge the Plaintiff's ability to meet the first element.  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560).  "A 'concrete' injury must be '*de facto*'; that is, it must actually exist."  *Spokeo, Inc.*, 136 S. Ct at 1548.  "For an injury to be 'particularlized,' it 'must affect the plaintiff in a personal and individual way.'"  *Id.* (quoting *Lujan*, 504 U.S. at 560 n. 1).  The injury in fact showing "is not meant to be a difficult one, particularly at the pleading stage. . . ."  *J.P. Morgan Chase Bank,*

3

*N.A. v. McDonald*, 760 F.3d 646, 650 (7th Cir. 2014). As the Plaintiff notes, "[t]he [] issue at this juncture is not whether [the Plaintiff]'s stated burden amounts to a constitutional violation . . . but whether he has suffered any burden at all." Dkt. No. 34 at 8.

The Plaintiff alleges that Indiana Code § 35-42-4-14 prohibits him from voting in person on an election day at the polling place closest to him. While it remains to be seen whether this restriction rises to the level of a constitutional violation, the Plaintiff has met the low threshold for pleading injury required to demonstrate that he has standing. Accordingly, the Defendants' Motion to Dismiss (Dkt. No. 32) is **DENIED**.

SO ORDERED:

7/28/2016

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.

4