UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN VALENTI, on his own behalf and on behalf of a class of those similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:15-cv-1304-WTL-MPB<br>) |
| INDIANA SECRETARY OF STATE, in her official capacity; THE INDIVIDUAL MEMBERS of the INDIANA ELECTION COMMISSION, in their official capacities; THE SUPERINTENDENT of the INDIANA STATE POLICE, in his official capacity; THE BLACKFORD COUNTY PROSECUTOR, in his official capacity, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## Answer and Statement of Affirmative Defenses

The Indiana Secretary of State, the individual members of the Indiana Election Commission, the Indiana State Police Superintendent, and the Blackford County Prosecutor, state the following as an answer to Brian Valenti's amended complaint:

**Introduction**

1. Paragraph 1 violates the Federal Rules of Civil Procedure because it presents several issues, thoughts, and arguments. Defendants admit Indiana Code § 35-42-4-14 prohibits "serious sex offenders" from entering "school property" as defined by the Indiana Code. Defendants are without sufficient information to admit or deny whether there are some "serious sex offenders" who will be prohibited

from voting at "their community polling place," but deny the allegation as to Mr. Valenti. Defendants deny that absentee voting is "complex, prone to error and fraud," but are without sufficient information to admit or deny whether some people believe absentee voting is "an inferior means of exercising" a right to vote. Defendants deny that the other means of voting identified are constitutionally deficient. Defendants are without sufficient information to admit or deny whether Mr. Valenti remains a resident of Blackford County or about the specifics of Mr. Valenti's criminal history. Defendants admit Mr. Valenti is registered to vote, but are without sufficient information to know whether he would like to vote. Defendants are without sufficient information to know whether the "polling place in his community" is located on school property because the phrase is vague and Mr. Valenti's interpretation of the phrase has evolved during this litigation. Defendants deny that Mr. Valenti is unable to vote in person with his community on election day. Defendants deny Indiana Code § 35-42-4-14 is unconstitutional and acknowledge that Mr. Valenti has withdrawn his request for class certification, but admit he brings the action for declaratory and injunctive relief.

**Jurisdiction, Venue, and Cause of Action**

2. Defendants admit the Court has jurisdiction under 28 U.S.C. § 1331.
3. Defendants admit venue is proper under 28 U.S.C. § 1391.
4. Defendants admit Rule 57 and federal law permit declaratory relief.
5. Defendants admit Mr. Valenti brings the action under 42 U.S.C. § 1983.

**Parties**

6. Defendants admit that in most cases the Indiana Secretary of State is Indiana's chief election officer, that the Secretary of State is to perform all ministerial duties related to the administration of election by the state under Indiana Code § 3-6-4.2-2, and that the Indiana Election Division is within the Office of the Secretary of State. Defendants admit that the Election Division is to instruction county election boards "as to their duties" under federal law, but Indiana Code § 3-6-4.2-14(a) does not say the Election Division is to provide instruction under "state" law, but only as to the Title 3 of the Indiana Code.

7. Defendants admit the Indiana Election Commission has four members and that no more than two members may be a member of the same political party. Defendants admit Indiana Code § 3-6-4.1-14(a)(1), (3) is accurately quoted.

8. Defendants admit the Indiana State Police Superintendent is the executive officer of the Indiana State Police with general of the work of the department (the citation to Title 3 in this paragraph appears to be a typographical error; to the extent it is a suggestion that Title 3 specifically details duties of the Superintendent, that assertion is denied). Defendants admit Indiana Code 10-11-2-21-(c)(1), (f) is accurately quoted.

9. Admit that the Blackford County Prosecutor conducts all prosecutions for felonies, misdemeanors, or infractions, with the Indiana Attorney General having jurisdiction over some criminal prosecutions. Ind. Code § 4-6-2-1.1.

10. Defendants are without sufficient information to admit or deny the allegations in paragraph 10.

**Class action allegations**

11. This paragraph relates to class claims. Mr. Valenti withdrew his motion to certify class (Filing No. 9), and that motion was granted (Filing No. 48).

12. This paragraph relates to class claims. Mr. Valenti withdrew his motion to certify class (Filing No. 9), and that motion was granted (Filing No. 48).

13. This paragraph relates to class claims. Mr. Valenti withdrew his motion to certify class (Filing No. 9), and that motion was granted (Filing No. 48).

14. This paragraph relates to class claims. Mr. Valenti withdrew his motion to certify class (Filing No. 9), and that motion was granted (Filing No. 48).

15. This paragraph relates to class claims. Mr. Valenti withdrew his motion to certify class (Filing No. 9), and that motion was granted (Filing No. 48).

16. This paragraph relates to class claims. Mr. Valenti withdrew his motion to certify class (Filing No. 9), and that motion was granted (Filing No. 48).

17. This paragraph relates to class claims. Mr. Valenti withdrew his motion to certify class (Filing No. 9), and that motion was granted (Filing No. 48).

**Facts**

18. Indiana Code § 35-42-4-14 is accurately quoted.

19. Admit.

20. Indiana Code § 3-11-10-24(a)(12) is accurately quoted.

21. Defendants are without sufficient information to admit or deny the allegations in paragraph 21.

22. Defendants are without sufficient information to admit or deny the allegations in paragraph 22.

23. Defendants are without sufficient information to admit or deny the allegations in paragraph 23.

24. Deny.

25. Defendants deny that Mr. Valenti was registered to vote in Indiana when he filed his lawsuit, admit he is now registered to vote, but are without sufficient information to admit or deny whether Mr. Valenti intends to vote in future elections.

26. Admit.

27. Defendants are without sufficient information to admit or deny the allegations in paragraph 27.

28. Defendants are without sufficient information to admit or deny the allegations in paragraph 28.

29. Admit.

30. Defendants are without sufficient information to admit or deny the allegations in paragraph 30.

31. Deny.

32. Defendants are without sufficient information to admit or deny the allegations in paragraph 32.

33. Defendants are without sufficient information to admit or deny the allegations in paragraph 33.

34. Defendants are without sufficient information to admit or deny the allegations in paragraph 34.

35. Defendants are without sufficient information to admit or deny the allegations in paragraph 35.

36. Defendants are without sufficient information to admit or deny the allegations in paragraph 36.

37. Defendants are without sufficient information to admit or deny the allegations in paragraph 37.

38. Defendants are without sufficient information to admit or deny the allegations in paragraph 38.

39. Deny that Mr. Valenti's many alternative means of voting are "inadequate."

40. Defendants admit that the quoted provisions of Indiana Code § 3-11-4-3 and Indiana Code § 3-11-10-26(e) provide a few of the voting deadlines.

41. Deny.

42. Deny.

43. Deny.

44. Deny that the provisions in Indiana Code § 3-11-4-2(a) and Indiana Code § 3-11-4-3 are onerous.

45. The quoted Indiana Code provisions are not accurately characterized; thus, the allegations are denied.

46. The quoted language of Indiana Code § 3-11-10-3 is accurately quoted. Defendants are without sufficient information to admit or deny the additional allegations.

6

47. The cited Indiana Code provisions speak for themselves, and Defendants deny Mr. Valenti's characterizations of those provisions.

48. Deny.

49. Deny.

50. Deny.

51. The cited Indiana Code provision speaks for itself, and Defendants deny Mr. Valenti's characterization of that provision.

52. Defendants are without sufficient information to admit or deny the allegations in paragraph 52 because of the vague nature of the allegations.

53. Defendants are without sufficient information to admit or deny the allegations in paragraph 53.

54. Defendants are without sufficient information to admit or deny the allegations in paragraph 54.

55. Defendants are without sufficient information to admit or deny the allegations in paragraph 55.

56. Defendants are without sufficient information to admit or deny the allegations in paragraph 56.

57. Defendants are without sufficient information to admit or deny the allegations in paragraph 57 as they relate to Mr. Valenti's perspective of absentee voting, but deny that Mr. Valenti's voting options are poor substitutes.

58. Deny.

59. Deny.

60. This paragraph relates to class claims. Mr. Valenti withdrew his motion to certify class (Filing No. 9), and that motion was granted (Filing No. 48).

61. Defendants are without sufficient information to admit or deny the allegations in paragraph 61.

62. This paragraph relates to class claims. Mr. Valenti withdrew his motion to certify class (Filing No. 9), and that motion was granted (Filing No. 48).

**Legal claims**

63. Deny.

**Requests for relief**

Defendants deny Mr. Valenti is entitled to any relief, and deny all allegations not specifically denied above.

**AFFIRMATIVE DEFENSES**

1. Mr. Valenti's amended complaint fails to state a claim on which relief may be granted.

2. Mr. Valenti lacks standing.

3. Mr. Valenti's amended complaint should be dismissed because Defendants have at all times acted in compliance with the U.S. Constitution and the actions of Defendants have not violated or infringed on any of Mr. Valenti's constitutional rights.

4. Mr. Valenti's amended complaint should be dismissed because the statute he challenges does not harm him.

5. Mr. Valenti's amended complaint is barred against the State Defendants because Plaintiffs have sued individuals who cannot provide the relief they seek.

        Respectfully submitted,

        GREGORY F. ZOELLER
        Indiana Attorney General
        Attorney No. 1958-98

Date: August 15, 2016    By: *s/ Jefferson Garn*
        Jefferson S. Garn
        Deputy Attorney General
        Attorney No. 29921-49

        OFFICE OF INDIANA ATTORNEY GENERAL
        Indiana Government Center South, 5th Floor
        302 West Washington Street
        Indianapolis, IN 46204-2770
        Telephone: (317) 232-6292
        Fax: (317) 232-7979
        Email: jefferson.garn@atg.in.gov

# CERTIFICATE OF SERVICE

I certify that on August 15, 2016, a copy of this **Answer and Statement of Affirmative Defenses**. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Kenneth J. Falk
    ACLU OF INDIANA
    kfalk@aclu-in.org

    Jan P. Mensz
    ACLU OF INDIANA
    jmensz@aclu-in.org

    Gavin M. Rose
    ACLU OF INDIANA
    grose@aclu-in.org

                             *s/ Jefferson S. Garn*
                             Jefferson S. Garn
                             Deputy Attorney General

OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6292
Fax: (317) 232-7979
Email: jefferson.garn@atg.in.gov